**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-4636**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BERNARD H. LINNEY,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Southern
District of West Virginia, at Parkersburg.  Robert C. Chambers,
District Judge.  (CR-04-220)

─────────

Argued:  March 17, 2006          Decided:  March 28, 2006

─────────

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ARGUED:** Leah Perry Macia, BAILEY & GLASSER, L.L.P., Charleston,
West Virginia, for Appellant.  Robert Booth Goodwin, II, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Charleston, West Virginia, for Appellee.  **ON BRIEF:** Benjamin L.
Bailey, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for
Appellant.   Charles T. Miller, Acting United States Attorney,
Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Bernard H. Linney pleaded guilty to one count of failure to account for and pay over federal income tax in violation of 26 U.S.C. § 7202 (2000). Linney appeals his sentence, arguing that the district court improperly imposed a four level enhancement based on his leadership role in the offense. We affirm.

Linney served as president and CEO of Progressive Financial Group (PFG), a holding and management company that ultimately controlled seven small businesses. In July, 1997, Linney began instructing employees at PFG's small businesses not to pay taxes. In 1998, Linney set up a check-kiting scheme that operated among PFG's various businesses and accumulated millions of dollars in debt from bad checks. Linney continued instructing employees not to pay taxes owed, telling them that he was negotiating with the IRS and that he had secured a loan to pay off the taxes. Five of the businesses operating under PFG's umbrella ultimately owed over $500,000 in unpaid taxes.

At sentencing, the district court found that Linney qualified for a four level enhancement because of his leadership role in a criminal scheme that was "otherwise extensive." See United States Sentencing Commission Guidelines Manual § 3B1.1(a). Linney's advisory guidelines range was 27-33 months; the court found that "a sentence at the top of the guideline range is appropriate" and sentenced Linney to 33 months.

Linney asserts that it was improper for the district court to consider the check kiting scheme when determining whether the scheme at issue was extensive for purposes of the guidelines. We review a district court's legal interpretations of the sentencing guidelines de novo and a district court's factual findings for clear error. See United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Section 3B1.1 of the Guidelines Manual indicates that a four level enhancement is appropriate "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The introductory commentary to this section of the manual directs the district court to consider all relevant conduct as defined by § 1B1.3. See also United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990) (holding that a district court should consider all relevant conduct). In addition, § 3B1.1 instructs the sentencing court to consider "all persons involved during the course of the entire offense," regardless of whether those persons are knowing participants in the scheme. See United States Sentencing Commission Guidelines Manual [hereinafter USSG] § 3B1.1 n.3.

Linney argues that the check kiting scheme was not relevant conduct under § 1B1.3 because the check kite did not facilitate the tax evasion. However, even assuming that the check kite was not relevant conduct under § 1B1.3, there is sufficient evidence in the record to support a finding that the tax evasion scheme alone was

3

"otherwise extensive."  Linney instructed at least four employees to refrain from paying taxes owed.  The district court specifically noted "the number of people involved" and that  although "perhaps not all of them were criminally responsible . . . Application Note Number 3 [to USSG § 3B1.1] indicates that a factor in considering whether [a criminal activity is] otherwise extensive is the extent to which other people are used even if they're not criminally responsible for the conduct." In addition, Linney does not dispute the fact that five distinct corporate entities -- all operating under the umbrella of PFG -- participated in the tax evasion scheme.

These facts are sufficient to support a finding that the tax evasion scheme alone was extensive; thus, the district court did not err in imposing a four level enhancement for Linney's leadership role in an extensive criminal scheme.  Given the extensive nature of the tax evasion scheme, we need not decide whether the check kiting scheme was relevant conduct according to § 1B1.3.

For the foregoing reasons, the judgment of the district court is

<u>AFFIRMED</u>.

4